# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ZOLOFT (SERTRALINE HYDROCHLORIDE) PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 2342 12-MD-2342 |
| | : | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO: | : : | |
| *D.B. v. Pfizer, Inc., et al.* | : : | Civil Action No. 16-1438 |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                           **June 20, 2017**

      Plaintiffs brought suit against Pfizer, Inc., Pfizer International LLC, J.B. Roerig & Co. and Greenstone LLC (collectively, "Pfizer") and McKesson Inc., alleging numerous state-law claims, including failure to warn, negligence, and fraudulent concealment. Plaintiffs filed the action in California state court, Defendants removed it to federal court on the basis of diversity jurisdiction, and the case was transferred to this Court as part of the *Zoloft* Multidistrict Litigation ("MDL").

      Plaintiffs have moved to remand the matter to California state court for lack of diversity jurisdiction, as Plaintiffs are California citizens and Defendant McKesson is a California corporation. Defendants argue that the lone California defendant, McKesson, is fraudulently joined and therefore complete diversity exists between the parties. This Court has considered the issue before, in both the *Avandia* and *Zoloft* MDLs. Consistent with those earlier decisions, the Court holds that Plaintiffs have pled sufficient facts to assert a claim against McKesson,[1] but that the history of the *Zoloft* litigation shows that Plaintiffs have no real intention to pursue claims

---

[1] *See In re Zoloft (Sertraline Hydrochloride) Prod. Liab. Litig.*, No. 12-3122, 2013 WL 6050627 (E.D. Pa. Nov. 14, 2013); *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 624 F. Supp. 2d 396 (E.D. Pa. 2009).

against McKesson, such that McKesson was fraudulently joined.[2]  Therefore, Plaintiffs' motion to remand will be denied.

I.     **BACKGROUND**

Plaintiff D.B. was born in 2014 with a serious birth defect allegedly caused by Zoloft taken during pregnancy by his mother, Plaintiff Julie Parmley.[3]  Plaintiffs allege Defendants aggressively marketed and sold Zoloft to pregnant women despite evidence that Zoloft increased the risk for birth defects, without informing doctors or consumers of these risks.[4]  The only specific allegations related to McKesson state that McKesson is a Delaware corporation headquartered in California, and "at all times relevant hereto, Defendant McKesson was engaged in the business of researching, designing, developing, licensing, compounding, testing, producing, manufacturing, assembling, processing, packaging, inspecting, labeling, supplying, distributing, selling and/or warranting Zoloft…. Plaintiffs are informed and believe Defendant McKesson distributed the Zoloft that was dispensed to [Parmley]."[5]  Plaintiffs also allege that, according to Pfizer's website, McKesson was the single largest distributor of Pfizer's pharmaceutical products.[6]

II.     **LEGAL STANDARD**

Removal of a civil action from state to federal court is governed by 28 U.S.C. § 1441. The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."[7]  The party removing the case has the burden to prove that federal

---

[2] *In re Avandia*, No. 07-md-1871, 2014 WL 2011597, at *3 (E.D. Pa. May 15, 2014).
[3] *Id.* ¶¶ 2, 48.
[4] *Id.*
[5] *Id.* ¶ 12.
[6] *Id.* ¶ 13.
[7] *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (internal quotation marks and citation omitted).

2

jurisdiction is proper at all stages of the litigation.[8] As is relevant here, Defendants may only "remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."[9]

## III. DISCUSSION

Plaintiffs argue that remand is proper because there is incomplete diversity between the Plaintiffs and all named Defendants.[10] Defendants argue that McKesson is fraudulently joined and therefore should not be considered in any diversity jurisdiction analysis and that, without McKesson, diversity jurisdiction is properly invoked. Defendants therefore seek to "establish that the non-diverse defendant[] [was] 'fraudulently' named or joined solely to defeat diversity jurisdiction."[11]

In order to establish fraudulent joinder, a defendant must prove that "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment."[12] A claim is colorable if it is not "wholly insubstantial and frivolous" in light of the relevant law.[13] With respect to a claim's factual basis, a "limited piercing of the allegations to discover fraudulent joinder" may be appropriate.[14] The limitation is significant, however, with the permissible inquiry being less probing than the review a district court conducts in deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[15]

---

[8] *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).
[9] *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005); *see also* 28 U.S.C. §§ 1332, 1441(b).
[10] Plaintiffs also argue for remand on the basis of the forum defendant rule, which prohibits parties from removing a case to federal court when the original action is filed in that defendant's home state. *See* 28 U.S.C. § 1441(b). This argument does not alter the inquiry on the dispositive question of whether McKesson was fraudulently joined, as McKesson is the only named forum defendant.
[11] *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006).
[12] *Boyer*, 913 F.2d at 111 (internal quotation marks and citation omitted).
[13] *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992) (internal quotation marks and citation omitted).
[14] *Boyer*, 913 F.2d at 112.
[15] *Batoff*, 977 F.2d at 852.

Moreover, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."[16] A plaintiff's alleged failure to adequately plead a viable cause of action against a defendant must be "obvious according to the settled rules of the state."[17] The heavy burden of demonstrating that a defendant was fraudulently joined rests with the defendant making the charge.[18] When evaluating a charge of fraudulent joinder, the "district court must resolve all contested issues of substantive fact" and "any uncertainties as to the current state of controlling substantive law in favor of the plaintiff."[19]

Defendants first argue that Plaintiffs' Complaint lacks specific allegations necessary to assert a claim against McKesson. The Court has explored, and rejected, this argument in the *Avandia* MDL, which included numerous motions to remand individual cases involving McKesson to California state court, and where the Court held that similar allegations against McKesson satisfied California's permissive pleading standard for the asserted failure to warn and strict product liability claims.[20] Thus, the Court finds the allegations sufficient for purposes of this motion.

Defendants' next argument extends from the first: that the absence of specific allegations against McKesson in Plaintiffs' Complaint demonstrates a lack of good faith intent to pursue their claims against McKesson, and that the Court should find fraudulent joinder on that basis. However, as with *Avandia*, the Court finds that the facts pleaded are not implausible—it is possible that McKesson distributed Zoloft which ended up being consumed by Plaintiffs. Further, Plaintiffs' Complaint is not fatally inconsistent as it alleges a vague but plausible causal

---

[16] *Boyer*, 913 F.2d at 111 (internal quotation marks and citation omitted).
[17] *Id.* at 112 (internal quotation marks and citation omitted).
[18] *Id.* at 111.
[19] *Id.*
[20] *In re Avandia*, 624 F. Supp. 2d 396, 417-18 (E.D. Pa. 2009).

4

chain of events that could expose McKesson to liability. The general allegations do not, by themselves, indicate a lack of good faith on the part of Plaintiffs' to pursue claims against McKesson.[21]

However, the Court finds merit in Defendants' contention that the generalized allegations and the history of the *Zoloft* litigation together demonstrate that Plaintiffs have no intention to pursue their claims against McKesson. Defendants assert that *Zoloft* plaintiffs, including others represented by Plaintiffs' counsel here, have regularly failed to propound discovery on McKesson and often have voluntarily dismissed McKesson as a named defendant. The Court considered a similar situation in the *Avandia* MDL, where the Court examined the history of the litigation and found that although the *Avandia* litigation had been ongoing for five years, and general discovery was completed in the state and federal matters, the plaintiffs' counsel had not sought discovery from McKesson and could offer no good explanation why it had not. The Court thus concluded that McKesson had been fraudulently joined by the California plaintiffs.[22]

Here, the circumstances also evince no intent on the part of the plaintiffs to pursue claims against McKesson. As was the case in *Avandia*, the Court has been made aware of no instance in which any of the numerous *Zoloft* plaintiffs have propounded meaningful discovery on McKesson in either state or federal court, even though some cases have gone to trial. This failure to seek discovery includes other cases brought by Plaintiffs' counsel.[23] The lack of discovery requests directed towards McKesson casts doubt on Plaintiffs' intent to pursue claims against McKesson.

---

[21] *Id.* at 418 (quoting *Boyer*, 913 F.2d at 112).
[22] *In re Avandia*, MDL No. 1871, 2014 WL 2011597, at *3 (E.D. Pa. May 15, 2014).
[23] *See, e.g., Orepeza v. Pfizer Inc., et al.*, JCCP 4771, Super. Ct. Riverside Cty., Civ. No. RIC1407784; *Herbert v. Pfizer Inc., et al.*, JCCP 4771, Super. Ct. of Orange Cty., Civ. No. 30-2014-00738942.

5

Even more significantly, the plaintiffs in numerous *Zoloft* cases have dismissed claims against McKesson both before[24] and after[25] the Court granted summary judgment in favor of Pfizer and another Defendant and the plaintiffs appealed to the Third Circuit.[26] One of these cases had been filed by Plaintiffs' counsel in this case.[27]

Upon careful consideration of all relevant circumstances, the Court concludes that the naming of McKesson does not bar diversity jurisdiction based on the general allegations against McKesson in the Complaint, in conjunction with the lack of any discovery against McKesson in *Zoloft* cases. Plaintiffs make no real attempt to distinguish the *Avandia* cases where the Court found fraudulent joinder. Instead, they simply state that the Federal Rules of Civil Procedure contemplate no discovery standard to establish whether a party is properly joined. But this brief argument fails to consider the larger context of the *Zoloft* litigation. Hundreds of *Zoloft* cases have proceeded in federal and state court, and numerous plaintiffs, including those represented by Plaintiffs' counsel, have had the opportunity to prosecute claims against McKesson and failed to do so. This is certainly relevant information for the Court to consider when examining the intent of the Plaintiffs in this case.

In sum, Plaintiffs here have asserted non-specific claims against McKesson, Plaintiffs' counsel has in separate *Zoloft* actions failed to propound discovery on McKesson, and, most notably, Plaintiffs' counsel has outright dismissed McKesson as a defendant in other state and federal *Zoloft* cases. The Court thus concludes that Plaintiffs lack good faith intent to prosecute their claims against McKesson. The Court finds McKesson to be fraudulently joined in this

---

[24] *See, e.g.,* Civil Action Nos. 12-2793, 12-2794, 12-2795, 12-2796, 12-2797 (E.D. Pa.).
[25] *See* Civil Action Nos. 13-3234, 13-6162, 13-7375, and 15-3290 (E.D. Pa.).
[26] The Court's grant of summary judgment recently was affirmed by the Third Circuit. *In re Zoloft*, No. 16-2247, --- F.3d ---, 2017 WL 2385279 (3d Cir. June 2, 2017).
[27] *C.A. v. Pfizer,* Civil Action No. 13-7375. Plaintiffs' counsel has also submitted similar stipulations or motions to dismiss McKesson as a defendant in a state court *Zoloft* case. *See Herbert*, JCCP 4771, Super Ct. of Orange Cty., Civ. No. 30-2014-00738942, at Doc. No. 28.

action, and therefore does not take McKesson into account during its diversity jurisdiction analysis. Without McKesson, there is complete diversity between Plaintiffs and Defendants, and no dispute that the amount in controversy exceeds $75,000. The Court thus has jurisdiction over this case.[28]

## IV. CONCLUSION

This Court has subject matter jurisdiction over this case pursuant to § 1332. Plaintiffs' motion to remand is denied. An order will be entered.

---

[28] Because the Court concludes that McKesson was fraudulently joined on the basis that Plaintiffs have not evinced an intent to litigate against McKesson, the Court need not reach Defendants' arguments that California law bars Plaintiffs' claims under the learned intermediary doctrine and that the claims against McKesson are preempted under federal law. As Defendants concede, this Court has rejected the argument relating to the learned intermediary doctrine in a previous *Zoloft* case. *See In re Zoloft*, Civ. No. 12-211, 2014 WL 2445790, at *2 (E.D. Pa. May 29, 2014), and the Court declines to revisit that ruling. Similarly, the Court previously has held that the claims against McKesson are not preempted by federal law, as "[a] preemption defense goes to the merits of a plaintiff's case and does not overcome the strong presumption against removal jurisdiction." *In re Zoloft*, Civ. No. 12-3122, 2013 WL 6050627, at *2 (E.D. Pa. Nov. 14, 2013). Although Defendants argue that developments in the case law surrounding federal preemption have made their argument ripe for reexamination, the Court finds that the cases cited—*PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011) and *Mutual Pharmaceutical Co., Inc. v. Bartlett*, 133 S. Ct. 2466 (2014)— "merely provide[] a framework for the state court to adjudicate Plaintiffs' claim; [they are] not a hook that lands…cases in federal court." *Hughes v. Mylan, Inc.*, Civ. Nos. 11-5543, *et al.*, 2011 WL 5075133, at *6 (E.D. Pa. Oct. 25, 2011).